IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| ERRENCE CROSLIN, *pro se*, | * |
| Plaintiff, | * |
| v. | CIVIL NO.: WDQ-10-1001 |
| TRACY HACKMAN, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Errence Croslin, *pro se*, sued Chrysler Financial Services Americas LLC and four of its senior executives--Tracy Hackman, Darryl R. Jackson, Machelle McAdory, and Thomas Gilman--for conversion. For the following reasons, the Defendants' motion to dismiss for lack of subject matter jurisdiction will be granted.

I. Background

On April 20, 2010, Croslin--who lives in Baltimore--filed a complaint alleging only that: "Chrysler Financial ha[d] not refunded all of the funds due to [him] from their error in reference to [his] bank account . . . [and] ha[d] caused [his] bank account to bounce . . . [and] numerous penalties." Compl.

1

¶ 2.[1]  He requested an injunction ordering Chrysler "to meet for a pretrial settlement and have a government agency oversee [Chrysler's] transactions to ensure that they comply with the Sarbanes-Oxley Act."  *Id*. ¶ 3.

On May 4, 2010, the Court ordered Croslin to amend his complaint by explaining the nature of his relationship with the Defendants, the amount of funds owed to him, and his total damages.  Paper No. 2.  On May 11, 2010, Croslin filed an amended complaint in which he explained that he had "authorized a one-time payment of $453.97" from his account, but Chrysler "took two payments."  Amend. Compl. ¶ 2.  This caused Croslin to incur overdraft fees, damaged his credit, and has prevented him from opening another account with the bank.  *Id*.  Croslin again requested an injunction ordering Chrysler "to pay the amount due to [him] or undergo an investigation per the Sarbanes Oxley Act which includes a financial . . ., electronic [and] [information technology] audit."  *Id*. ¶ 3.

On July 13, 2010, the Defendants moved to dismiss for lack of subject matter jurisdiction.  Paper No. 7.

---

[1] Croslin filed a virtually identical suit in this district last year, which was dismissed for lack of subject matter jurisdiction. See *Croslin v. Chrysler Financial, LLC*, 2009 WL 2398888 (D. Md. July 29, 2009).

2

II. Analysis

The Defendants contend that the Court lacks subject matter jurisdiction because Croslin's suit: (1) does not meet the amount in controversy requirement for diversity jurisdiction and (2) does not raise a federal question.

A. Standard

The plaintiff has the burden of proving subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When, as here, the jurisdictional challenge is to the sufficiency of the allegations in the complaint--and not to their truth--the allegations are assumed to be true, and "the plaintiff, in effect, is afforded the same procedural protection as he would receive" on a motion to dismiss "under . . . Rule 12(b)(6)." *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

B. Diversity Jurisdiction

In his original and amended complaints, Croslin indicated that the Court had diversity jurisdiction. Although the Defendants state that there is complete diversity among the parties, they argue that Croslin's allegations that (1) he had "authorized a one-time payment of $453.97" from his account, but Chrysler "took two payments," and (2) the overdraft "made [his] credit look bad" and caused him to incur fees, fail to meet the $75,000 amount in controversy requirement for diversity

jurisdiction. *See* 28 U.S.C. § 1332(a). As Judge Blake of this Court noted in dismissing Croslin's previous suit, "Croslin does not allege that [his losses] total anywhere in the vicinity of $75,000. Moreover, it is highly unlikely that any reasonable . . . factfinder could award damages in the amount of $75,000 based upon his complaint." *Croslin*, 2009 WL 2398888, at *2 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The amount in controversy falls well below the statutory minimum; Croslin has not established diversity jurisdiction.

    C. Federal Question Jurisdiction

In his opposition, Croslin argues that his complaint establishes federal question jurisdiction because it alleges a violation of the Sarbanes-Oxley Act of 2002 ("SOX"). To determine whether there is federal question jurisdiction under 28 U.S.C. § 1331, courts apply the "well-pleaded complaint rule," under which courts "look no farther than the plaintiff's complaint" to ascertain whether the "lawsuit raises issues of federal law." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). A complaint "raises issues of federal law" when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Even if the complaint

4

raises issues of federal law, a court is "without power to entertain [the suit]" if the federal claims are obviously meritless. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

As Judge Blake noted in Croslin's previous case, Croslin's allegations are essentially that the Defendants converted the funds in his account. *Croslin*, 2009 WL 2398888, at *1. Conversion is a state-law tort; federal law--including SOX--does not create the cause of action in this case. Nor does Croslin's request that the Defendants be ordered "to undergo an investigation per [SOX]" present a substantial issue of federal law. Croslin cites--and the Court has found--no federal authority that a court may order an investigation as a result of the conduct Croslin alleges. Croslin's complaint does not establish federal question jurisdiction

III. Conclusion

As Croslin has failed to show a jurisdictional basis for his suit, the Defendants' motion to dismiss will be granted.

August 27, 2010          _____/s/_____
Date                     William D. Quarles, Jr.
                         United States District Judge